IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY


Sean G. Mason, *Pro Se*

5 Riker Hill Rd

Livingston, NJ 07039

seangmason@me.com

(201) 259-8164

|  |  |
|---|---|
| ------------------------------) | Case No. |
| Sean G. Mason                ) |  |
|     Plaintiff            ) | CIVIL ACTION |
|                             ) |  |
|    v.                          ) |  |
|                             ) |  |
| US BANK, NA AS TRUSTEE OF    ) |  |
| 2007-AR2, PHELAN, HALLINAN,  ) |  |
| AND SCHMIEG, P.C., Rosemary  ) |  |
| Diamond, Esq., Individually  ) |  |
|     Defendants           ) |  |
| ------------------------------) |  |

JURY TRIAL DEMANDED

### COMPLAINT

Jurisdiction

1. This is an action under violations of the Racketeer Influenced and Corruption Act ("RICO"), 18 U.S.C. § 1962(c); the Fair Debt Collection Practices Act, hereinafter referred to as "FDCPA," 15 U.S.C. §1692a, et

1

seq., and New Jersey Consumer Fraud Act.

2. Jurisdiction in this case is founded upon 15 U.S.C. 1692k which grants the federal District Courts jurisdiction to hear this action without regard to the amount in controversy, as well as the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56.8-1 et seq.; Title 15, Chapter 41 (5) 1692 (e) and related sections and the Fair Debt Collection Practice.

3. This Court has jurisdiction over case as an adversary proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 523. This is a core proceeding under 28 U.S.C. § 157(b)(2)(O).

4. In order to remedy these violations, Plaintiff seeks actual and statutory damages (including treble damages), together with costs of suit and reasonable attorney's fees. Federal jurisdiction is conferred on this court by 18 U.S.C. §1964(c); 15 U.S.C. §1692k (d); and 28 U.S.C. §§1331, 1334 and 1337.

5. In addition to actual and statutory damages, Plaintiff also seeks equitable and injunctive relief.

Parties

6. Plaintiff Sean Mason, is the owner of the property located at 111 Mulberry Street, Unit #1B, Newark, NJ 07102.

7. Defendant(s) Phellan, Hallinan & Schmieg, LLC ("Phelan LLC") is a high volume mortgage foreclosure law firm,

having its place of business at 617 J.F.K. Boulevard, Suite 1400, Philadelphia, Pennsylvania 19103.

8. Phelan LLC is also organized and operates under the laws of the State of New Jersey. To that end, Phelan LLC maintains a principal office at 400 Fellowship Road, Suite 100, Mount Laurel, New Jersey 08054. Phelan LLC also maintains an office at One Gateway Center, 11th Floor, Newark, New Jersey 07102. In the State of New Jersey, the Phelan law firm is known as Phelan, Hallinan & Schmieg, P.C. ("Phelan P.C.").

9. Defendant Lawrence T. Phelan ("Larry Phelan") is the principal equity partner of the Phelan Firm. Although not licensed to practice in the State of New Jersey, Mr. Phelan serves as the president and majority shareholder of Phelan P.C.

10. Defendant Francis Hallinan ("Frank Hallinan") is an equity partner of the Phelan Firm.

11. Defendant Daniel G. Schmieg ("Dan Schmieg") is an equity partner of the Phelan Law Firm.

12. Defendant Rosemarie Diamond is an attorney with the Phelan Law Firm who is responsible for the firm's New Jersey operations.

13. Defendant US Bank is an American diversified financial services holding company headquartered in Minneapolis, Minnesota.

3.

Factual Allegations

14. On or about May 23, 2008, Defendants Phelan et al sent a copy of the Foreclosure Complaint with a filing date of May 21, 2008. (See Exhibit A, Foreclosure Complaint). At the time that this foreclosure complaint was filed there was no assignments recorded.

Defendants stated on page 2 of the foreclosure complaint that "On May 16, 2008, Mortgage Electronic Registration Systems, Inc. as nominee for GreenPoint Mortgage Funding, Inc. its successors and assigns assigned the mortgage to US Bank, NA as Trustee of 2007-AR2. <u>The assignment is in the process of being recorded</u>." Underlined for emphasis. It is also important to note that the date of the US Bank Trust is 2007.

15. Defendants proceeded to obtain a Final Judgment for foreclosure on behalf of Defendants US Bank, as Trustee based on its foreclosure complaint.

16. Defendants presented and the New Jersey Sate Court relied on the documents proffered by Phelan et al, namely an assignment of mortgage from Mortgage Electronic Registration System Inc. ("MERS") as a nominee for Greenpoint Mortgage Funding into the US bank , NA as Trustee of 2007-AR2. (See Exhibit B). This assignment was supposed to convey ownership of the original mortgage into the possession of the US Bank Trust.

17. The 2008 assignment was signed by one Sheetal R. Shah-Jani, who was purported to be an Assistant Secretary

4.

and Vice President of MERS. The 2008 assignment was notarized by one Thomas Strain, a notary public for the Commonwealth of Pennsylania.

18. On April 4, 2009, Defendants Phelan filed a Corrective Assignment of Mortgage with the State of New Jersey. (See Exhibit C). Noted on the second page of the Corrective Assignment is the statement that "This corrective Assignment is being recorded pursuant to court inquiry regarding the notarization in the assignment recorded on 06/10/2008 in Book 12140, Page 2816. This Assignment should hold the effective date of the original assignment of 05/16/2008."

19. At no time did Defendants serve Plaintiff with a copy of either the original or corrective assignment. Plaintiff was unaware of these assignments until February 2016.

20. Based on information and belief Defendants obtained a Final Foreclosure Judgment on October 2, 2009. Defendants now seek to use that Final Judgment to obtain and proceed with a final Sheriff's Sale. The Sheriff's Sale was supposed to take place on March 1, 2016, but Plaintiff has sought an extension, currently set to expire on March 15.

21. Plaintiff filed for Bankruptcy protection under Chapter 7 and it was approved and discharged in December 2010. At the time that Plaintiff filed and received a final discharge under the Bankruptcy laws, Defendants had not yet filed a valid assignment. They had an assignment that was dated almost 2 years after the complaint was filed that purported to back date the original defective

assignment, in essence, committing fraud on the Plaintiff as well as fraud on the court.

22. Based on information and belief, Defendants have done these things alleged herein to many similarly situated mortgagees in the State of New Jersey and continue to do so, specifically, filing false and misleading documents with the State courts in order to obtain possession of real property that is then sold at Sheriff's sale for their benefit below value.

Plaintiff knows of another case involving defendants with an identical fact pattern where Defendants filed a defective assignment dated 05/28/08 from MERS just days before the original foreclosure complaint was filed (with identical language "assignment in the process of being recorded") and then tried to substitute the original defective assignment with a corrective assignment more than one year later dated 08/25/09 with the language "this assignment should hold the effective date of the original of 5/28/08". CountryWide Home Loans v. Gustina Jones, et al. 2009, Docket No.: F-21402-08.

Count I

23. Fraudulent Concealment. Defendants did fraudulently conceal the fact that the assignment that they relied on to obtain a judgment was defective and void. The assignment was never properly filed since the original assignment was defective and the corrected assignment was filed with a true date of more than 1 year after the original complaint was filed. In addition, at the time either assignment was

filed the US Bank NA Trust was closed and could not receive any assets such as Plaintiff's subject property. Plaintiff's obligation was unqualified as it was not a part of the REMIC pool. The Trust was a 2007 Trust and the complaint was filed in 2008 in violation of the Pooling and Services Agreements governing this trust.

Count II

24. Attempted Conversion. Defendants have attempted to convert Plaintiff's property by filing and acting upon documents that they knew to be false. At the time that Defendants filed the foreclosure complaint they knew that they did not have a valid assigned recorded in the State of New Jersey. Nonetheless, they proceeded to act upon this deception and obtained a Final Judgment that they were not entitled to under the law.

Count III

25. Fraud on the Court. Defendants have committed fraud on the Court by intentionally filing and acting on documents they knew to be false. Plaintiff reasserts all allegations outlined in the foregoing paragraphs.

Jury Trial Demanded

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all non-equity claims asserted in this complaint.

Prayer For Relief

WHEREFORE, Plaintiff prays that:

A. Defendants actions be deemed to be a violation of the RICO Act, 18 U.S.C. §1962(c).
B. Defendants actions be deemed to have violated the Fair debt Collection Practices Act, 15 U.S.C. §1692a, et seq.
C. Defendants actions be deemed to be a violation of New Jersey's Consumer Fraud Act, N.J.S.A. § 56.8-1 et seq.
D. Judgment be entered against Defendants for damages sustained by Plaintiff to the fullest extent of the law, together with the costs of this litigation, including reasonable attorneys' fees.
E. Judgment be entered that voids the final judgment obtained by Defendants with respect to the subject property.
F. Restraining the transfer and or sale of the subject property by the Sheriff of Essex County and staying any and all further State of New Jersey actions until all matters are resolved before this court.

CERTIFICATION PURSUANT TO RULE 4:5-1

This matter is not the subject of any other action pending in any other Court nor is it the subject of a pending arbitration proceeding, and further, to the best of my knowledge, all parties who should be joined in this action have been joined. Plaintiff however, reserves its right to amend this complaint as may be needed.

_____
Sean G. Mason

Dated: March 10, 2016

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Plaintiff's complaint was sent via certified mail, postage paid, this 10th day of March 2016 to:

Phelan, Hallinan & Schmieg P.C.
One Gateway Center, 11th Floor
Newark, New Jersey 07102.


Rosemarie Diamond, Esq.
**C/O Phelan Hallinan & Diamond**
400 Fellowship Rd Ste 100
Mount Laurel, NJ, 08054-3437


_____
Sean G. Mason



